UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BOON SOON MOORS,                       )<br>                                                       )<br>        Plaintiff                               )<br>                                                       )<br>v.                                                  )<br>                                                       )<br>EDUCATIONAL TESTING SERVICE;   )<br>STATE OF MAINE DEPT. OF EDUCATION; )<br>ROBERT G. HASSON, JR., in his official )<br>capacity as Commissioner of the Department )<br>of Education of the State of Maine,       )<br>                                                       )<br>        Defendants                         ) | FIRST AMENDED COMPLAINT<br>JURY TRIAL REQUESTED<br>Civil Action No. 1:17-cv-224-NT |

Plaintiff hereby complains against Defendants, as follows:

INTRODUCTION

1.      This is an action for declaratory and injunctive relief, and damages, to redress the deprivation of certain civil rights secured by the Maine Human Rights Act, the Americans with Disabilities Act and the Rehabilitation Act.  Plaintiff Boon Soon Moors, who is deaf, wishes to attain her high school equivalency degree.  But Defendants subjected her to discrimination by denying her request for reasonable modification, an ASL interpreter.  Defendants also failed to afford her an opportunity to participate in services that are equal to those afforded to others; Defendants further used standards or criteria that have the effect of discriminating based on disability, and that perpetuate discrimination against persons with disabilities.

JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(4).

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Boon Soon Moors (hereafter "Moors"), is a resident of Gardiner, County of Kennebec, State of Maine and is a citizen of the United States. Moors is at least 18 years old. Moors is deaf. As a result of her deafness, Moors is substantially limited in the major life activity of hearing, speaking, reading and communicating, among other major life activities. She is substantially limited in the major bodily function of auditory functions. Moors' deafness or abnormal hearing loss constitutes a per se disability under the Maine Human Rights Act. Due to her deafness, she requires, and at all relevant times received, vocational rehabilitation or other related services.

5. Moors is a person with a disability pursuant to the Maine Human Rights Act, the Americans with Disabilities Act as amended, and Section 504 of the Rehabilitation Act.

6. Moors is a qualified individual with a disability in that she can—with reasonable modification to rules, policies or practices; the removal of architectural, communication or transportation barriers; or the provision of auxiliary aids and services—meet the essential eligibility requirements for the receipt of services or the participation of programs provided by Defendants.

7. Defendant Educational Testing Service (hereafter "ETS") is a standardized testing firm that develops and administers tests related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional or trade purposes. ETS is a private, nonprofit organization that develops and administers standardized tests each year at more than 9,000 locations in the United States, including Maine. ETS is headquartered at Rosedale Road, Princeton, New Jersey.

8. At all relevant times, ETS received federal financial assistance.

2

9. Defendants State of Maine, Department of Education (hereafter "Department of Education") and Robert G. Hasson, Jr., Commissioner of the Department of Education of the State of Maine (hereafter "Commissioner Hasson"), are responsible for setting eligibility requirements for the award of the Maine High School Equivalency ("HSE") Diplomas. Commissioner Hasson and the State of Maine are also responsible for issuing and certifying HSE certificates for the award the Maine High School Equivalency Diplomas.

10. At all relevant times, Department of Education received federal financial assistance.

11. At all relevant times, Department of Education has had a contract with ETS to administer the High School Equivalency Test ("HiSET") in Maine.

## FACTS

12. Moors has been deaf since early childhood. She attended public schools for the deaf in South Korea, where she received direct instruction in Korean Sign Language. In 2002, Moors emigrated to the United States and became a U.S. citizen. Since coming to the United States, Moors has used American Sign Language (ASL) as her primary and preferred form of communication.

13. Moors' ability to understand and use spoken or written English is rudimentary. Spoken English, written English and finger-spelled English words are not an effective means of communication for Moors.

14. At all material times, Moors has required the use of ASL for effective communication.

15. Moors has received ASL interpretation as an accommodation for testing and other important communications. For example, she received ASL interpretation as a testing

accommodation for her driver's license exam, for her exam to become a United States citizen, and for her exam to be certified as a Personal Support Specialist (PSS). Moors also requires an ASL interpreter for medical care, legal services, vocational rehabilitation services, and all other important communications.

16. In 2015, Moors undertook steps toward earning her high school equivalency (HSE) degree. She needed this to advance her career, and to increase her earning potential and work opportunities.

17. With assistance from her vocational rehabilitation counselor through the Maine Department of Labor, Moors contacted her local adult education office to sign up for classes to prepare for the HiSET examination.

18. Defendant ETS requires applicants who need accommodations for disabilities to submit their requests to "ETS Disability Services" before the HiSET exam can be scheduled.

19. In 2015, Moors submitted her request for testing accommodations—which included a sign language interpreter to administer the test, and extended time—to ETS Disability Services.

20. In a letter dated June 19, 2015, ETS informed Moors that she had been approved for 100 percent extended time, and a sign language interpreter for spoken directions only.

21. ETS did not approve Moors' request for a sign language interpreter for the entire test for the following reason: "Due to concerns with the validity of your test scores a sign language interpreter for the entire test is not possible."

22. In a follow-up letter to Moors dated June 22, 2015, ETS stated: "The following test accommodations have been approved for the HiSET paper-based test administration: Extra

Breaks (15 minutes per section);  100 percent (double time);  Sign language interpreter (for spoken directions only)."

23.   On or about May 8, 2017, Moors submitted a new request for testing accommodations to ETS Disability Services, including a sign language interpreter (for spoken directions and tests);  100 percent extended time;  and extra breaks. In support of her request for testing accommodations, Moors included the required HiSET Testing Accommodation Request Form;  Audiology Reports (completed in 2014 and 2017 by MaineGeneral Medical Center);  a personal letter;  and a Communications Assessment dated March 19, 2016 by Romy Spitz, Ph.D., Deafness and Visual Gestural Communication Specialist and Adjunct Professor of Linguistics, University of Southern Maine.

24.   On Friday, June 9, 2017, ETS informed Moors that Moors' request for an ASL interpreter for the HiSET test was denied.  ETS stated that the Department of Education would not certify or accept test scores for any HiSET tests administered in any language other than English or Spanish.

25.   On Thursday, June 15, 2017, Moors, through counsel, requested reasonable modification from Gail Senese, Ph.D., State Director of the Office of Adult Education and Literacy, Maine Department of Education.  Moors, through counsel, requested that the Department of Education's policy and practice of only offering the HiSET in English and Spanish be modified to allow her to take the exam with a qualified sign language interpreter. Moors, through counsel, indicated that she is deaf and her primary method of communication is in ASL.  As such, she requires reasonable modification to have the HiSET test administered through an ASL interpreter.  Moors, through counsel, also informed Senese that administering the test and instructions in ASL will best ensure that the HiSET accurately measures Moors'

knowledge and understanding of established standards related to obtaining a high school equivalency degree, rather than measuring her disability.

26. On Thursday, June 15, 2017, Department of Education denied Moors' request to take the HiSET exam with an ASL interpreter, on the grounds that the HiSET is only offered in English and Spanish. State Defendants indicated that the only approved accommodations for deaf test-takers <u>do not include</u> an ASL version, or administration of the test with the use of a skilled interpreter.

27. Moors would like to earn her high school credentials, but is unable to do so without reasonable modification from ETS, Department of Education and Commissioner Hasson, which they have denied.

28. Defendants Department of Education, Commissioner Hasson, and ETS have discriminated against Moors based on her disability, failed to provide her with reasonable modification, insisted on administering the HiSET in a discriminatory way, and treated Moors less favorably than others because of her disability.

29. Moors has experienced inconvenience and other pecuniary losses, mental anguish, and emotional distress as a direct result of Defendants' failure to provide testing accommodations, including an ASL interpreter.

<u>COUNT I</u>
ADA Title II Claim Against Defendant Hasson only

30. Moors realleges and hereby incorporates by reference the above paragraphs as if set forth in their entirety.

31. This claim is brought solely against public official Commissioner Hasson pursuant to *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714 (1908).

32. Subtitle A of Title II of the Americans with Disabilities Act applies to state governments. 42 U.S.C. §§ 12131–12134. Regulations implementing subtitle A are codified at 28 C.F.R. part 35.

33. Moors has a "disability" within the meaning of 42 U.S.C. § 12102(2) and 28 C.F.R. § 35.104, as amended.

34. Moors is a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104 because she meets all eligibility criteria.

35. The Department of Education is a public entity within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104.

36. Any person (including both public and private entities) that offers examinations related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes must offer such examinations "in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.

37. The Department of Education's policy or practice of only offering the HiSET in English or Spanish, and refusing to modify this practice or policy for Moors, who is deaf and requires American Sign Language for effective communication, violates 42 U.S.C. § 12189 described above, and also violates 42 U.S.C. § 12132 which states that:

> [s]ubject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

38. Defendant further violates the regulations listed below in the following respects:

(a) 28 C.F.R. § 35.130(b)(6)—Defendants Department of Education and Commissioner Hasson are administering a licensing or certification program in a manner that

7

subjects qualified individuals with disabilities, including Moors, to discrimination on the basis of disability.

(b) 28 C.F.R. § 35.130(b)(6)—Defendants Department of Education and Commissioner Hasson have established requirements for the programs or activities of licensees or certified entities that subject qualified individuals with disabilities, including Moors, to discrimination on the basis of disability.

(c) 28 C.F.R. § 35.130(b)(7)—Defendants Department of Education and Commissioner Hasson have failed to make reasonable modifications in policies, practices, or procedures, including the provision of a sign language interpreter for Moors, when the modifications are necessary to avoid discrimination on the basis of disability, and when the modification would not fundamentally alter the nature of the service, program, or activity.

(d) 28 C.F.R. § 35.160(b)—Defendants Department of Education and Commission Hasson have failed to furnish appropriate auxiliary aids and services where necessary to afford Moors an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity.

39. As a result of Defendant's violations of the ADA and its implementing regulations, they are liable to Moors for prospective injunctive relief, and attorneys fees and costs, under 42 U.S.C. § 12133.

COUNT II
Section 504 of the Rehabilitation Act of 1973 Claim Against
Department of Education and ETS Only

40. Moors realleges and hereby incorporates by reference the above paragraphs as if set forth in their entirety.

41. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794 ("Section 504"), states that "no otherwise qualified handicapped individual in the United States … solely by reason of his or her handicap, may be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance or under any program or activity conducted by any Executive agency …"

42. Moors is a qualified individual because she meets all the eligibility requirements and other requirements under the Rehabilitation Act.

43. Moors is being subjected to discrimination in testing, which meets the definition of "program or activity" pursuant to § 504(b)(1)(A).  Defendant Department of Education is a program or activity within the meaning of § 504 because it is a department or agency of state government. 29 U.S.C. § 794(b)(i)(A).  Defendant ETS is a program or activity within the meaning of 504 because it is a corporation or other private organization.  29 U.S.C. § 794(b)(3).

44. Defendants Department of Education and ETS are both recipients of federal financial assistance, and are therefore subject to the provisions of the Rehabilitation Act of 1973.

45. The protections of § 504 are the same as those in the Title II claim listed above, and the acts described above also violate § 504.

## COUNT III
### ADA Title III Claim Against ETS Only

46. Moors realleges and hereby incorporates by reference the above paragraphs as if set forth in their entirety.

47. Title III of the Americans with Disabilities Act applies to private entities that offer examinations.  Regulations implementing Title III are codified at 28 C.F.R. part 36.

48. Defendant ETS is a "public accommodation" within the meaning of Title III of the ADA.

49. Any person (including both public and private entities) that offers examinations related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes must offer such examinations "in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.

50. Defendant ETS's policy or practice of only offering the HiSET in English or Spanish, and refusing to modify this practice or policy for Moors, who is deaf and requires American Sign Language for effective communication, violates Title III of the ADA.

51. Defendant ETS violates the regulations listed below in the following respects:

(a) 28 C.F.R. § 36.301—ETS is imposing or applying eligibility criteria that screen out or tend to screen out Moors, an individual with a disability, from fully and equally enjoying Defendant ETS's goods and services.

(b) 28 C.F.R. § 36.302—ETS has failed to make reasonable modifications in policies, practices or procedures, when the modifications are necessary to afford goods and services to Moors, an individual with a disability.

(c) 28 C.F.R. §§ 36.303(a) and (a)(1)—By its failure to provide a qualified interpreter to Moors, ETS has failed to take steps that may be necessary to ensure that Moors is not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

(d) 28 C.F.R. § 36.303(c)—By its failure to provide a qualified interpreter to Moors, ETS failed to furnish appropriate auxiliary aids and services including a qualified interpreter, where a qualified interpreter was necessary to ensure effective communication with Moors.

(e) 28 C.F.R. § 36.309(a)—ETS, a private entity that offers examinations related to applications, licensing, certifications, or credentialing for secondary education, professional or trade purposes, failed to offer its examinations in a place and manner accessible to Moors or offer alternative arrangements for her.

(f) 28 C.F.R. § 36.309(b)(1)(i)—ETS has failed to assure that, the examination is selected and administered to Moors so as to best ensure that it accurately reflects the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting Moors' impaired sensory or speaking skills.

(g) 28 C.F.R. § 36.309(b)(1)(v)—When considering Moors' request for modifications, accommodations or auxiliary aid services, ETS failed to give appropriate weight to documentation of past modifications received in similar testing situations.

(h) 28 C.F.R. § 36.309(b)(3)—ETS refused to provide appropriate auxiliary aids (a qualified interpreter) for Moors, who because of her deafness, has impaired sensory and speaking skills.

COUNT IV
Violation of the Maine Human Rights Act
Against ETS Only

52. Moors realleges and hereby incorporates by reference the above paragraphs as if set forth in their entirety.

53. Defendant, ETS, is a place of public accommodation pursuant to the Maine Human Rights Act.

54. Defendant, ETS, is a private entity that offers examinations or courses.

55. ETS discriminated against Moors by refusing her request for modification/accommodation to provide her with an American Sign Language interpreter and

therefore denying her right to reasonable modification, in violation of the Maine Human Rights Act.

56.	ETS discriminated against Moors by refusing to provide her with an American Sign Language interpreter and thereby treating her differently than other individuals, in violation of the Maine Human Rights Act.

57.	ETS discriminated against Moors by its method of administration in violation of the Maine Human Rights Act.

58.	The protections of the Maine Human Rights Act are the same as those in the Title III claim listed above, and the acts described above also violate the Maine Human Rights Act.

59.	Defendant has violated the Maine Human Rights Act, 5 M.R.S.A. §§ 4592(1), (4), (5), (7) and 94-348 C.M.R. Ch. 7, §§ 7.02(A); 7.03(A), (B);  7.04(a); 7.05; 7.15(A);  7.16(A); 7.17(A)–(C);  7.23.

## PRAYER FOR RELIEF

Plaintiff Boon Soon Moors requests judgment in her favor and the following relief:

A declaratory judgment holding that Defendants' practices complained of herein violate the Americans with Disabilities Act, the Rehabilitation Act and the Maine Human Rights Act;

A permanent injunction enjoining Defendants from discriminating against Moors;

An order enjoining Defendants to adopt and implement policies and practices to ensure that Defendants carry out their services in a nondiscriminatory manner;

Appropriate civil penal damages pursuant to the Maine Human Rights Act;

Compensatory damages to Moors pursuant to § 504 only;

Costs and reasonable attorneys fees under 42 U.S.C. § 12205, 29 U.S.C. § 794a(b), 5 M.R.S. § 4622(1), and other appropriate statutes;

Any and all other relief as may be necessary and appropriate.


DATED: October 6, 2017 *Kristin L. Aiello*
Kristin L. Aiello, Bar No. 8071
Managing Attorney
DISABILITY RIGHTS MAINE
24 Stone Street, Suite 204
Augusta, Maine 04330
(207) 626-2774